8023

## MULDROW v. MIXON, ADMR.

1. Partition.—The Court may approve partition of personal property followed by possession, among minors who have reached years of maturity, if the circumstances were such as would have warranted the Court in making such division on application, notwithstanding objection by one participant.

2. Rents.—An administrator with the will annexed is justly allowed commissions for collecting and paying out rent from lands belonging to the devisees not passing under the will, where he administered at their request and one provision of the will was that the devisees should be educated out of the income from the property.

Before Aldrich, J., Barnwell, August, 1910. Affirmed.

Action by Essie L. Muldrow, by guardian, against R. M. Mixon, administrator.  Plaintiff appeals.

*Messrs. Willcox & Willcox,* for appellant, cite. *Minor should be charged with necessaries only:* 3 Brev., 194; 2 N. & Mc. 524; 1 McC. 572; 2 Hill Ch. 541; 5 Rich. Eq. 274; 2 Strob. Eq. 289; 13 Rich. 163. *Infant may repudiate purchase of land on attaining majority:* 29 S. C. 414; 47 S. C. 286. *Probate court has no jurisdiction of action for accounting outside of administration:* 12 S. C. 556.

*Messrs. Bates* and *Simms,* contra, cite: *Court will confirm an act which it would have sanctioned on application.* 2 Hill Ch. 217.

November 1, 1911.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.  This is an appeal from a decree of the Circuit Court affirming the judgment of the probate court of Barnwell county, adjusting the accounts of R. M. Mixon as administrator with will annexed of the estate of Willa I. Loud.

The exceptions present two questions (1) whether the administrator was justified in charging appellant with a piano at a valuation of $400; (2) whether the administrator had a right to take charge of the real estate of plaintiff, not acquired under the will of her mother, and to charge commissions on the rents collected therefrom.

Willa I. Loud died testate in the summer of 1905 and, upon the death of the executrix named in the will, the defendant Mixon, at the solicitation of the beneficiaries, was appointed administrator with will annexed.  In the fourth clause of the will the testatrix devised and bequeathed to her children, Cary Smith Loud and Essie Ashten Loud, all of her property of every nature and kind whatsoever, and in the sixth clause she declared it her

will and desire that her said daughters shall be educated, and
empowered the executor to use the rents and profits of the
real estate for the purpose of the education, maintenance and
support of the said children until they are twenty-one years
of age or shall marry, and upon said children attaining the
age of twenty-one years or upon their marriage they are to
"take the property" freed from all limitations or trusts what-
soever.   The property of which Mrs. Loud died seized and
possessed consisted of a dwelling house and one or more
vacant lots in the town of Williston, S. C., and some per-
sonal property consisting of household furniture, which was
sold by the administrator, except a hat rack and a set of
furniture which the children divided among themselves and
about which there is no dispute, and except the piano in dis-
pute.   The beneficiaries agreed that the piano was worth
$400 and objected to a sale of it for less than that sum, and
fearing that it would be sold at a sacrifice if exposed to
public sale they objected to such sale.   The piano was then
taken to the house of the administrator and there remained
until March, 1907, when the plaintiff, who had married E.
A. Muldrow in January, 1907, wanted the piano and decided
to take it at the valuation and requested that it be shipped to
her at Florence, S. C., which was done with the consent of
the other beneficiary Cary.   At that time Essie, Mrs. Mul-
drow, was about eighteen years old and Cary, who after-
wards married Guy Vaughn, was about twenty years old.
The plaintiff kept and used the piano for more than two
years without objection.   According to the testimony $400
was a reasonable valuation of the piano.   The administrator
in his accounts has charged plaintiff with $400 the value of
the piano and credited her with $200 one-half thereof.   Both
the probate and Circuit Courts concur in sustaining this as
proper under the circumstances and we affirm their conclu-
sion.

   A court of equity may approve a parol partition of per-
sonal property followed by possession among minors who

have reached years of discretion if the circumstances were such as would have warranted the Court to make such division on application. There is nothing in the circumstances of this case to show any unfairness. The plaintiff, who had been taking instruction in music, wanted the instrument in her own home and agreed to take it at the valuation of $400, which the testimony shows was reasonable, and did take and use the same for more than two years before any attempt was made to turn it back to the administrator. A just consideration of the rights of the other beneficiary, who might sustain loss by a forced sale of the piano after such lapse of time, ought to induce the Court to sanction the parol partition fairly made between the parties.

Both the probate court and Circuit Court construed the will as authorizing the beneficiaries to take their shares of the estate on their marriage, not only as to real estate, but as to personal property, and that this involved authority to exercise some choice and agreement as to division after marriage, although before reaching full age. There is force in this view, and no doubt the administrator felt warranted in delivering the piano to the plaintiff after her marriage upon the agreement between the parties interested. We, however, do not rest our conclusion upon this construction of the will.

With reference to the second question we think it was not unjust or improper to allow the administrator to charge commission on rents collected by him from real estate belonging to plaintiff and her sister and not acquired under the will. It is true it was not strictly the duty of defendant as administrator to collect these rents, but he was concerned to carry out the wishes of the testatrix to provide for the education of these young ladies. They had no other person to look after their land, secure tenants and collect the rents, and they wished him to do so. His services appear to have been beneficial and the Circuit Court

has commended the fidelity of the administrator to his trust. The charge is but a reasonable compensation for the services rendered and should be sanctioned.

The judgment of the Circuit Court is affirmed.